JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

11 CRIM 300

UNITED STATES OF AMERICA      :      **INDICTMENT**

       -v-             :      11 Cr.

DAVID ROSEN,                  :

        Defendant.    :

- - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 31 2011
```

**COUNT ONE**

(Mail Fraud Scheme to Deprive New York State and
Its Citizens of Their Legislators' Honest Services)

The Grand Jury charges:

1. From in or about 1997, through and including in or about September 2008, in the Southern District of New York and elsewhere, DAVID ROSEN, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud New York State and its citizens of the honest services of certain New York State legislators, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter a matter and thing to be sent and delivered by the Postal Service, and deposited and caused to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and took and received therefrom such matter and thing, and knowingly caused to be delivered by mail and such carrier

according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, to wit, DAVID ROSEN, the defendant, while serving as the Chief Executive Officer of the MediSys Health Network ("MediSys") and its constituent hospitals in Queens and Brooklyn, paid and/or attempted to pay bribes, directly and indirectly, to New York State Assemblyman Anthony Seminerio, New York State Assemblyman William Boyland, Jr., and New York State Senator Carl Kruger in the form of, among other things, a consulting contract for Seminerio, a consulting job for Boyland, and a hospice care contract in which Kruger had an interest, all in exchange for their undertaking actions in connection with their official positions in the New York State Legislature to benefit MediSys and its constituent hospitals as the opportunities arose, and in connection therewith and in furtherance thereof, ROSEN sent and received materials and caused materials to be sent and received, including correspondence, checks, contracts, and other documents, using the U.S. mail and commercial carriers.

(Title 18, United States Code, Sections 1341 and 1346.)

## COUNT TWO

(Wire Fraud Scheme to Deprive New York State and
Its Citizens of Their Legislators' Honest Services)

The Grand Jury further charges:

2.  From in or about 1997, through and including in or about September 2008, in the Southern District of New York and elsewhere, DAVID ROSEN, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud New York State and its citizens of the honest services of certain New York State legislators, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, DAVID ROSEN, the defendant, while serving as the Chief Executive Officer of the MediSys Health Network and its constituent hospitals in Queens and Brooklyn, paid and/or attempted to pay bribes, directly and indirectly, to New York State Assemblyman Anthony Seminerio, New York State Assemblyman William Boyland, Jr., and New York State Senator Carl Kruger in the form of, among other things, a consulting contract for Seminerio, a consulting job for Boyland, and a hospice care contract in which Kruger had an interest, all in exchange for their undertaking actions in connection with their official positions in the New York State

Legislature to benefit MediSys and its constituent hospitals as the opportunities arose, and in connection therewith and in furtherance thereof, ROSEN transmitted and caused to be transmitted interstate electronic mail, interstate telephone calls, and interstate wire transfers of funds.

(Title 18, United States Code, Sections 1343 and 1346.)

## COUNT THREE

### (The Anthony Seminerio Bribery Conspiracy)

The Grand Jury further charges:

3. From in or about 1997, through and including in or about September 2008, in the Southern District of New York and elsewhere, DAVID ROSEN, the defendant, Anthony Seminerio, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with others to commit offenses against the United States, to wit, to violate Title 18, Untied States Code, Sections 666(a)(2) and 1952(a)(3).

4. It was a part and an object of the conspiracy that DAVID ROSEN, the defendant, would and did corruptly give, offer, and agree to give something of value to a person, to wit, New York State Assemblyman Anthony Seminerio, with intent to influence and reward Seminerio, an agent of a state government, in connection with a business, transaction, and series of transactions of the State of New York, involving something of

4

value of $5,000 or more, while the State of New York was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2).

5. It was further a part and an object of the conspiracy that DAVID ROSEN, the defendant, would and did travel and use and cause to be used the mail and facilities in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit, the making of corrupt payments to Anthony Seminerio, in violation of New York Penal Law Sections 200.00 and 200.10, and thereafter would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

### Overt Acts

6. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about August 13, 1997, DAVID ROSEN, the defendant, met with New York State Assemblyman Anthony Seminerio and one of ROSEN's subordinates, the chief executive officer of one of MediSys's constituent entities ("MediSys Constituent CEO"), in Queens, New York, and ROSEN directed the MediSys Constituent CEO to hire Seminerio as a consultant.

b. On or about July 20, 1998, Seminerio met with the MediSys Constituent CEO at a restaurant in midtown Manhattan regarding the hiring of Seminerio as a consultant.

c. On or about April 22, 2008, DAVID ROSEN, the defendant, spoke with Seminerio by telephone regarding a payment Seminerio was expecting from MediSys.

d. On or about May 9, 2008, Seminerio deposited a check in the amount of $10,000 from a MediSys hospital into his consulting company's bank account.

e. On or about July 9, 2008, DAVID ROSEN, the defendant, spoke with Seminerio by telephone regarding Seminerio's assistance in lobbying an official from the New York State Department of Health (the "State Official") regarding MediSys's attempt to acquire certain hospitals in Queens, New York (the "Caritas Hopitals").

f. On or about August 12, 2008, DAVID ROSEN, the defendant, spoke with Seminerio by telephone about potential budget cuts to State health care funding. Subsequently, on or

about August 13, 2008, a co-conspirator not charged herein ("CC-1") coached Seminerio to make certain arguments to other legislators of the State of New York on behalf of a MediSys hospital and in opposition to budget cuts to State health care funding.

(Title 18, United States Code, Section 371.)

## COUNT FOUR

### (The William Boyland, Jr. Bribery Conspiracy)

The Grand Jury further charges:

7. From in or about 2003, through and including in or about 2008, in the Southern District of New York and elsewhere, DAVID ROSEN, the defendant, William Boyland, Jr., and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with others to commit offenses against the United States, to wit, to violate Title 18, Untied States Code, Sections 666(a)(2) and 1952(a)(3).

8. It was a part and an object of the conspiracy that DAVID ROSEN, the defendant, would and did corruptly give, offer, and agree to give something of value to a person, to wit, New York State Assemblyman William Boyland, Jr., with intent to influence and reward Boyland, an agent of a state government, in connection with a business, transaction, and series of transactions of the State of New York, involving something of

7

value of $5,000 or more, while the State of New York was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2).

9. It was further a part and an object of the conspiracy that DAVID ROSEN, the defendant, would and did travel and use and cause to be used the mail and facilities in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit, the making of corrupt payments to William Boyland, Jr., in violation of New York Penal Law Sections 200.00 and 200.10, and thereafter would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

### Overt Acts

10. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about September 11, 2003, following William Boyland, Jr.'s election to the New York State Assembly, DAVID ROSEN, the defendant, sent an e-mail to another MediSys executive directing that MediSys now pay Boyland as a "consultant" and not as an employee.

b. On or about February 28, 2007, Boyland sent a letter to the Speaker of the Assembly, in connection with his efforts to secure $3 million in State funding for a MediSys hospital.

c. On or about March 7, 2008, DAVID ROSEN, the defendant, while in the vicinity of West Nyack, New York, spoke with Boyland by telephone.

d. On or about May 15, 2007, Boyland, while in New York State, sent an e-mail to DAVID ROSEN, the defendant, while he was in Minnesota, which was also sent to another MediSys executive located in Rockland County, New York, regarding Boyland's attempt to assist MediSys in the acquisition of the Caritas Hospitals.

e. On or about May 16, 2007, DAVID ROSEN, the defendant, exchanged at least one e-mail with a MediSys executive, while in Rockland County, New York, which email discussed a meeting Boyland had with the Commissioner of the New York State Department of Health regarding the acquisition of the Caritas Hospitals.

(Title 18, United States Code, Section 371.)

## COUNT FIVE

### (The Carl Kruger Bribery Conspiracy)

The Grand Jury further charges:

11. In or about 2007 through in or about 2008, in the Southern District of New York and elsewhere, DAVID ROSEN, the defendant, Carl Kruger, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with others to commit offenses against the United States, to wit, to violate Title 18, Untied States Code, Sections 666(a)(2) and 1952(a)(3).

12. It was a part and an object of the conspiracy that DAVID ROSEN, the defendant, would and did corruptly give, offer, and agree to give something of value to a person, to wit, New York State Senator Carl Kruger, with intent to influence and reward Kruger, an agent of a state government, in connection with any business, transaction, and series of transactions of the State of New York, involving anything of value of $5,000 or more, while the State of New York was in receipt of, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance, in violation of Title 18, United States Code, Section 666(a)(2).

13. It was further a part and an object of the

conspiracy that DAVID ROSEN, the defendant, would and did travel and use and cause to be used the mail and facilities in interstate commerce with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit, the making of corrupt payments to Carl Kruger, in violation of New York Penal Law Sections 200.00 and 200.10, and thereafter would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

### Overt Acts

14. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about August 2007, DAVID ROSEN, the defendant, traveled from his home in Westchester, New York, to a MediSys hospital in Brooklyn, New York, to meet with Carl Kruger regarding a hospice care company seeking to do business with MediSys (the "Hospice Company").

b. On or about March 27, 2008, DAVID ROSEN, the defendant, sent an e-mail to a MediSys executive regarding

Kruger's interest in a proposed contract between MediSys and the Hospice Company.

        c.    On or about July 10, 2008, DAVID ROSEN, the defendant, and Seminerio spoke on the telephone regarding Kruger's assistance with MediSys's attempt to acquire the Caritas Hospitals.

        d.    On or about August 13, 2008, DAVID ROSEN, the defendant, spoke with Kruger by telephone while Kruger was in Manhattan.

(Title 18, United States Code, Section 371.)

### Forfeiture Allegation

15. As a result of committing the honest services fraud and bribery offenses alleged in Counts One, Two, Three, Four, and Five of this Indictment, DAVID ROSEN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

3/31/11  Fld. Indictment, Case assigned to Judge Rakoff
Pitman, U.S.M.J.

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID ROSEN,

Defendant.

INDICTMENT

11 Cr. _____ (_____)

(18 U.S.C. §§ 1341, 1343, 1346 and 371.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.